## FELLOW-SERVANTS IN THE RAILWAY SERVICE.

Circuit Court of Cuyahoga County.

EUNICE RITER, ADMINISTRATRIX OF THE ESTATE OF WILLIAM RITER, DECEASED, v. THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILROAD CO.*

Decided, February 28, 1911.

*Negligence—Section Foreman and Engineer are Fellow-Servants.*

A section foreman on a railroad is a fellow-servant of an engineer on a locomotive, and there can be no recovery against the railroad company for injuries received by the engineer due solely to the negligence of the section foreman.

*E. S. Meyer,* for plaintiff in error.
*E. A. Foote,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below. The defendant is a railroad corporation, operating a line of railroad from the city of Cleveland southerly in the state of Ohio to and through the city of Columbus, Ohio. The plaintiff's decedent, William Riter, was a locomotive engineer in the employ of said defendant. At the time of his death, on the 20th day of October, 1902, he was operating as such engineer a locomotive engine, drawing a passenger train known as No. 19, going south, at a very high rate of speed, to-wit, about sixty miles an hour, which was the scheduled rate of said train. Near the station known as Flint, some miles north of Columbus, while said decedent was running his said engine at the rate aforesaid, it turned on to a switch-track which had been negligently left open, and by reason of going on to this switch-track, the engine overturned and the engineer was killed. The plaintiff, as administratrix of the estate of the decedent, brought suit to recover damages on account of this death. The negligence charged in the petition and in

*Affirmed without opinion, *Riter* v. *Railway Co.*, 83 Ohio State, 515.

the amendment thereto which was filed by leave of the court, is that the defendant ordered its section foreman to take certain heavy wooden beams upon a hand-car and move them to a point two or three feet northerly from where the switch track, already mentioned, diverted from the main track of the road, and to use these in preparing a support for what is called a mail crane, which was to be removed from a point where it had stood several hundred feet to the north and on the opposite side of the track. This section foreman, pursuant to his orders, had the timbers spoken of loaded upon his hand-car, and he together with a squad of men under his direction, moved the hand-car north upon the switch and ran the hand-car out on to this switch. The section foreman having, by authority of the company, in his keeping, a key to the lever which had to be moved to open or close said switch.

The facts shown establish that the section foreman had charge of the squad of men doing the work of removing this mail crane and doing whatever work was required for that purpose. The train drawn by the engine in charge of the decedent passed the point where the accident occurred at the time it was scheduled to pass. In his hurry to get the mail crane erected the section foreman neglected, after he opened the switch and ran his hand-car onto it, to close the switch again, so that the train drawn by the decedent's engine could safely pass that point.

That the decedent was in no wise negligent is established by the evidence, and that the section foreman was negligent is equally well established, and the only question is whether the section foreman so represented the defendant as that he was the vice-principal of the employer of both the decedent and the section foreman. If they were fellow servants, the defendant is not liable. If the section foreman was the vice-principal of the defendant, as between these two employees, then it is liable. We know of no principle of law which would authorize the court to hold that the section foreman was such vice-principal.

It is urged earnestly and ably on the part of counsel for plaintiff in error that although, if the work being done by the section foreman and his squad of men was repairing the road,

the foreman would not be the vice-principal, yet, if the work which was being done must be treated as work of construction the position of the foreman in relation to the decedent was altered.

We are unable to see that the work here being done changed in any way the relation between these two employees and what their relation would have been if the work being done by the foreman and his squad was simply repairing a track.

This being so, we reach the conclusion that there was no error on the part of the trial court in sustaining a motion made by the defendant at the close of the plaintiff's evidence to direct a verdict for the defendant, and the judgment is affirmed.